IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 04-39 Erie |
| | ) | |
| MICHELLE BRADFORD | ) | |

**POSITION WITH RESPECT TO SENTENCING FACTORS**

AND NOW, comes the defendant, Michelle Bradford, by her attorney, Thomas W. Patton, Assistant Federal Public Defender, and respectfully files this Position With Respect to Sentencing Factors. In support thereof Counsel states:

I. THE GUIDELINES ARE MERELY ADVISORY

Under the Supreme Court's ruling in United States v. Booker, 542 U.S. ___, 125 S.Ct. 738 (2005), the Sentencing Guidelines are advisory, and this Court's sentence is no longer driven and controlled by the rigidity of the Sentencing Guidelines. Rather, in Booker's wake this Court must impose a sentence **"sufficient, but not greater than necessary"** to comply with the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(2). 18 U.S.C. § 3553(a)(1). Section 3553(a)(2) directs the Court to consider the need for the sentence imposed:

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

The Court must also consider the nature and circumstances of the offense, and the history and

characteristics of the defendant, the kinds of sentences available, the sentence recommended by the sentencing guidelines, the need to avoid unwarranted disparities among defendants with similar records who have been found guilty of similar conduct, and the need to provide restitution to victims of the offense.  18 U.S.C. § 3553(a)(1), (3), (4),(5),(6), and (7).

## II.  THE APPROPRIATE SENTENCE IN THIS CASE.

The guideline imprisonment range facing Ms. Bradford is 24-30 months.  The 24-30 month range is driven mostly by Ms. Bradford's rather extensive criminal history which places her in criminal history category VI.  Due to the unique circumstances of this case, Ms. Bradford has earned a sentence well below 24 months, and should be sentenced to time served.

Ms. Bradford's mother is an alcoholic, now in recovery, and Ms. Bradford never knew her father.  (PSR ¶ 57) Ms. Bradford began drinking alcohol when she was 10 years old and by the time she was 17 years old she was drinking to the point of intoxication daily.  Id.  At age 18 Ms. Bradford began smoking marijuana which led to using crack cocaine on a daily basis.  Not surprisingly, Ms. Bradford did not complete high school and developed an extensive criminal history.  Unfortunately, Ms. Bradford's history is not shockingly different from that of many of the defendants this Court has sentenced in its long experience on the bench.  Ms. Bradford's successful effort to address her substance abuse problems and become a productive member of society, however, is extraordinary.

The Pennsylvania Board of Probation and Parole paroled Ms. Bradford from her robbery sentence, which was the sentence she was serving when she committed the current federal crimes.  Ms. Bradford had been in prison for about five years on these charges and had decided that when she was released from incarceration this time, this was her fourth term of incarceration, she was not

coming back. Ms. Bradford found a place to live at Our Common Ground, a group home in Philadelphia that houses women in need. Ms. Bradford stayed at Our Common Ground from her release on parole in October 2003, until her parole was rescinded due to the federal charges, in October 2004. Attached as Defendant's Exhibit A is a letter from Laura Jackson, the House Manager at Our Common Ground. Ms. Jackson lauds Ms. Bradford's performance at Our Common Ground, describing Ms. Bradford as "a positive role model," and "a pleasure to have" as a client. Ms. Jackson also explains that Ms. Bradford would be welcomed back to Our Common Ground "with open arms."

While staying at Our Common Ground, Ms. Bradford reported to her parole officer regularly and gave regular urine samples. During Ms. Bradford's eleven months on parole she was completely drug and alcohol free. (PSR ¶ 63) This included not only drug testing by the Parole Board but also drug testing, and drug counseling, by the staff at Our Common Ground. (PSR ¶ 64) For the first time since she was 10 years old, Ms. Bradford was drug and alcohol free.

Not only was Ms. Bradford drug and alcohol free during her eleven months on parole, she was also gainfully employed. Ms. Bradford worked at a local McDonald's, earning $7,345.66, and then moved on to Barson's Arch Street Deli, for better pay, and earned $488 there before being taken back into custody due to the federal charges. (PSR ¶ 68-69) Barson's considers Ms. Bradford to be on a leave of absence and has a job waiting for her when she is released from custody. (PSR ¶ 71)

In October 2004, after Ms. Bradford had been on parole, drug free and gainfully employed, the Parole Board rescinded her parole based upon the federal charges filed against her. The Board claimed that had it known of Ms. Bradford's involvement in the federal offense, which occurred

before she was paroled, it would not have paroled Ms. Bradford in the first place. (PSR ¶ 48) This explanation of Ms. Bradford's parole recision is a little hard to swallow seeing as Ms. Bradford had been interviewed by postal inspectors on August 28, 2003, while incarcerated at SCI Cambridge Springs, and had admitted to participating in the Leaper scheme. Be that as it may, the Board did rescind Ms. Bradford's parole and made her serve the remainder of her sentence which amounted to about nine months. Ms. Bradford reached her maximum date on July 12, 2005, and has been detained since that time on the federal charges. Accordingly, by the time of sentencing Ms. Bradford will have about three months of incarceration served on the federal sentence. Additionally, Ms. Bradford has served an additional ten months on her state sentence as a direct result of the federal charges.

Neither society nor Ms. Bradford will benefit from Ms. Bradford spending any more time in prison. Ms. Bradford has shown beyond any doubt that she has been rehabilitated and is not at risk of re-offending. Ms. Bradford's outstanding performance on parole proves to this Court that she is committed to living a law abiding, productive life with a stable home and employment. With the Bureau of Prisons hopelessly overpopulated and underfunded, it makes no sense to consume the BOP's limited resources housing Ms. Bradford. Ms. Bradford has a home to go to if released, Our Common Ground, and a job waiting for her at Barson's Arch Street Deli. She has proven that she will stay drug and alcohol free and will work hard to pay her rent and make her way honestly in society.

In effect, Ms. Bradford has already served thirteen months of imprisonment for this federal offense. That is more than enough punishment for Ms. Bradford. This Court should sentence Ms. Bradford to eighty-three days of imprisonment with credit for time served followed by two years

of supervised release. This sentence is sufficient, but not greater than necessary, to promote respect for the law, deter others, and recognize that Ms. Bradford deserves credit for the difficult work she put in while on parole.

WHEREFORE, defendant, Michelle Bradford, respectfully requests that this Honorable Court impose a sentence of eighty-three days with credit for time served followed by two years of supervised release.

Respectfully submitted,

/s/ Thomas W. Patton
Thomas W. Patton
Assistant Federal Public Defender
PA I.D. No. 88653